```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 10-61994-Civ-COHN
                                    (09-60057-Cr-COHN)
                            MAGISTRATE JUDGE P. A. WHITE

CHARLES FONSECO,               :

        Movant,                :
                                         REPORT OF
                                       MAGISTRATE JUDGE
v.                             :

UNITED STATES OF AMERICA,      :

        Respondent.            :
_____
```

## Introduction

This matter is before the Court on the movant's timely filed motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for attempt to possess with intent to distribute five kilograms or more of cocaine, entered following a guilty plea in case no. 09-60057-Cr-Cohn.

The Court has reviewed the motion (Cv-DE#1), the movant's memorandum of law in support thereof (Cv-DE#4), the government's answer (Cv-DE#8), the movant's reply (Cv-DE#9), the Pre-sentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

## Claims Raised

Construing the movant's arguments liberally as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims in his §2255 motion:

1

1.  The movant was denied effective assistance of counsel when his attorney failed to investigate surrounding circumstances regarding his case, which would have revealed that the movant did not commit the charged crimes. (Cv-DE#1:4).

2.  The movant was denied effective assistance of counsel when his attorney failed to file pre-trial motions challenging the government's use of insufficient evidence to support the indictment and its validity. (Cv-DE#1:5).

3.  The movant was denied effective assistance of counsel when his attorney advised him to sign the plea agreement when the indictment had failed to charge an offense, counsel failed to apprise the movant of the nature and elements of the offense and when counsel failed to object to the district court's failure to comply with the proper procedure for establishing a factual bases. (Cv-DE#1:7).

## Factual History

The conviction arises from the movant's operation of off-loading controlled substances arriving into Port Everglades for further distribution in the United States. The specific facts of the underlying criminal offense, which were signed by the movant and thereafter accepted by him as true and correct during the change of plea hearing (Cv-DE#8,Ex.B:11), are fully set forth in the stipulated factual proffer. (Cr-DE#38;Cv-DE#8, Ex.A).

Procedural History

The procedural history of the underlying criminal case reveals that on March 5, 2009, the grand jury returned a two-count Indictment charging the movant with attempt to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count 1) and attempt to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count 2). (Cr-DE#13).

On May 13, 2009, pursuant to a negotiated written plea agreement and a stipulated factual proffer, the movant pleaded guilty to Count 1 of the Indictment. (Cr-DEs#36-38). In exchange for the movant's guilty plea, the government sought dismissal of Count 2 of the Indictment and agreed to recommend a sentence at the low end of the guideline range, if certain conditions were met. (Cr-DE#37:1,3). In pertinent part, the movant acknowledged and understood that the court must impose a minimum term of 10 years and may impose a statutory term of imprisonment of up to life. (Id.:2). Both the government and the movant agreed that they would jointly recommend that pursuant to U.S.S.G. §5C1.2, the court impose a sentence within the sentencing guideline range without regard to any statutory minimum sentence, given the expressed conditions were satisfied. (Id.:4). Finally, the government and the movant agreed to jointly recommend that the court make the finding that the quantity of controlled substance involved in the offense was five kilograms. (Id.:4-5).

Prior to the sentencing hearing, a PSI was prepared wherein the probation officer determined an offense involving possession with intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine warranted a base offense level of 32.

(PSI¶26). Notwithstanding, because the movant qualified for a safety valve, his offense level was reduced by two levels. (PSI¶27). His base offense was further reduced by three levels due to the movant's timely acceptance of responsibility for his offense. (PSI¶¶33-34). Ultimately, the movant's base offense level was set at 27. (PSI¶35). The probation officer further determined the movant had a total of one criminal history point and a criminal history category of I. (PSI¶38). Based on a total offense level of 27 and a criminal history category of I, the guideline imprisonment range was 70-87 months. (PSI¶66).

On September 29, 2009, the District Court sentenced the movant to 60 months imprisonment, followed by 36 months of supervised release and $100 special assessment. (Cr-DEs#52,53). The Clerk entered judgment on September 30, 2009. (Cr-DE#53). However, on October 1, 2009, an amended judgment was entered for purposes of correcting a clerical error. (Cr-DE#56). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on October 15, 2009,[1] ten days after the entry

---

[1] Rule 36, Federal Rules of Criminal Procedure, provides that the "court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." The Eleventh Circuit repeatedly has held that the correction of the offense of conviction in a criminal judgment is clerical in nature. See e.g., United States v. Diaz, 190 F.3d 1247, 1253 (11th Cir. 1999)("the judgment reflects the incorrect offense, . . . which we regard as simply a clerical error"); United States v. De La Rosa-Hernandez, 157 Fed.Appx. 219 (11th Cir. 2005)(unpublished)(fact that judgment incorrectly references count of conviction as possession, instead of conspiracy to possess, is a "clerical error"). Moreover, in addressing a judgment that incorrectly referenced a crime entirely unrelated to the offense of conviction (and cited a statutory subsection that did not exist), the Eleventh Circuit held:

> The judgment entered in this case indicates that [the defendant] was convicted of '18 U.S.C. §911(g) Possession of a Firearm by a Convicted Felon.' The section reference is a scrivener's error. Section 911 involves the crime of falsely impersonating a federal officer or employee, and that statutory provision has no subsections. [The defendant] was actually indicted for, pleaded guilty to, and was convicted of,

of the first judgment, when time expired for filing a notice of appeal.[2] This motion to vacate was timely filed on October 12, 2010.

## Waiver of Claims

The movant's complaints as to counsel's representation were waived by his knowing and voluntary guilty plea. The law is clear that a movant waives his right to contest all nonjurisdictional defects and defenses, when he enters a knowing and voluntary guilty plea to the violation. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); see also, Wilson v. United States, 962 F.2d 966 (11th Cir. 1992); United States v. Broce, 488 U.S. 563 (1989); United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing, United States v. Smallwood, 920 f.2d 1231, 1240 (5th

---

        violation 18 U.S.C. §922(g), which is the provision
        prohibiting the possession of a firearm by a convicted
        felon . . . The judgment should be amended accordingly
        . . . .

United States v. Wimbush, 103 F.3d 968, 970 (11th Cir. 1997). The Eleventh Circuit has further held that when the district court corrects an error in a criminal judgment pursuant to Fed.R.Cr.P. 36, the right to appeal the judgment does not begin anew. See United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004).

[2]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." Id. To enter into a voluntary plea, the defendant must understand the law in relation to the facts. McCarthy v. United States, 394 U.S. 459 (1969).

In this case, review of the record confirms that the movant's plea was knowing and voluntary. To ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007). The rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. Id. (citations omitted).

Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (2005). In Moriarty, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its

>           obligation to apply the Guidelines; and the
>           Government's right, in a prosecution for
>           perjury, to use against the defendant any
>           statement that he gives under oath.

Id.

Review of the change of plea proceedings reveals that the court conducted a thorough Rule 11 proceeding. (Cv-DE#8,Ex.2). At that time, the movant acknowledged under oath[3] that he was satisfied with counsel's representation, and that he had discussed the indictment and the nature of the charges and the case in general with counsel prior to the change of plea. (Id.:5). The court advised and the movant acknowledged understanding the nature of the charges, and the potential consequences of entering a guilty plea. (Id.). Specifically, the movant acknowledged that pursuant to his guilty plea, the court was required to impose a minimum term of imprisonment of ten years and may impose a term of imprisonment of up to life. (Id.). Moreover, the movant acknowledged that he and his attorney had been reviewing the case and the Indictment for the previous three months on a regular basis and understood the elements of the crime. (Id.:5-6). The elements thereof were read into record, which encompassed that the defendant knowingly and willfully attempted to possess a controlled substance and he attempted to possess the controlled substance with the intent to further distribute it. (Id.:5). Moreover, the government was in the position, although not an element of the offense, to prove that the substance attempted to be possessed was five kilograms or more of

---

[3] The law is clear that "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. Machibroda v. United States, 368 U.S. 487 (1962).

cocaine. (Id.).

During the Rule 11 hearing, the movant acknowledged his understanding the terms of the plea agreement. (Cv-DE#8,Ex.2:7). The movant was neither made any promises in exchange for his guilty plea nor was he forced or coerced to sign the document. (Id.:9). Likewise, he denied being forced to enter a guilty plea as to Count 1 of the indictment. (Id.). The movant further denied that any promises, other than those contained in the written plea agreement, had been made to induce him to plead guilty. (Id.). The movant confirmed knowing that by entering into the plea he was waiving his constitutional rights to a jury trial and to confront and present witnesses. (Id.:9-10). Finally, the movant agreed that the facts contained in the stipulated factual proffer are true and correct, which was evidenced by his signature at the end of the document. (Id.:11).

On the record before this court, it is evident that the movant understood the facts and the elements of the offense upon which the charge rested. Moreover, by way pleading guilty, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no showing has been made that the plea was anything but knowing and voluntary.

Thus, by entering into a knowing and voluntary plea, the movant waived all nonjurisdictional defects and defenses. He is therefore barred from pursing these claims. Under these circum-stances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom. See Strickland, supra. Consequently, the movant's generalized allegations in this

collateral proceeding are clearly refuted by the record. The plea was valid and entered knowingly and voluntarily after a thorough Rule 11 proceeding. Thus, for the reasons previously expressed in this Report, the movant is not entitled to relief on these claims.

### Discussion of Claims

As will be demonstrated in more detail infra, the movant is not entitled to vacatur on any of the claims presented.[4] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner a fundamentally fair trial and due process of law. The movant therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9th Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

---

[4]Briefly, the evidence against the movant was more than sufficient to support his conviction. The movant has not shown that the result of the underlying criminal proceedings would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to Strickland has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that the movant received fair criminal proceedings, and that no constitutional violations occurred. Consequently, he has failed to demonstrate that he is entitled to habeas corpus relief in this collateral proceeding.

Here, the movant challenges counsel's effectiveness for several reasons. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a

reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11th Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984); see also, Nelson v. United States, 709 F.2d 39, 40 (11th Cir. 1983)(citing, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); United States v. Becker, 569 F.2d 951, 965 (5th Cir.), cert. denied, 439 U.S. 865 (1978), United States v. White, 524 F.2d 1249, 1254 (5th Cir. 1975), cert. denied, 426 U.S. 922 (1976).); See also Williams v. Alabama, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); Castle v. United States, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case) (sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. Bonner

11

v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

In **claim one**, the movant asserts he was denied effective assistance of counsel when his attorney failed to investigate surrounding circumstances regarding his case, which would have revealed that the movant did not commit the charged crimes. (Cv-DE#1:4).

First, a voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. United States v. Broce, 488 U.S. 563 (1989). See also Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982). The waiver extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992 (1982). See also United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Petitioner's claim that his counsel was ineffective for failing to conduct a proper investigation into the case does not relate to the voluntariness of the plea and, even if his claim could be so construed, there is absolutely no indication in the record that the guilty plea was not entered knowingly and voluntarily, and in fact the record indicates otherwise as previously discussed in this Report, supra.

Thus, at the time of the entry of his guilty plea, the movant was fully apprised of his right to proceed to trial, and he knowingly and voluntarily waived his right to pursue any defenses he might have had. Any claim to the contrary is clearly refuted by the record and the movant's sworn responses to the court's inquiries during the plea proceedings. Sworn statements made in

connection with the entry of the guilty plea carry a strong presumption of truthfulness and pose a formidable barrier in subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5th Cir. Unit B. 1981). By way of entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case.

On the record before this court, the movant cannot satisfy the prejudice prong of Strickland stemming from counsel's failure to investigate the underlying facts and law and for failing to test the strength of the government's case. It is also noted that the movant entered his plea of guilty in the subject case after admitting that he was in fact guilty of committing the crimes to which he was pleading guilty. As indicated above, such sworn statements carry a strong presumption of truthfulness and pose a formidable barrier in subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. at 74; Kelley v. Alabama, 636 F.2d at 1084. For these reasons, the petitioner's claims of ineffective assistance of counsel fail. See Hill v. Lockhart, 474 U.S. 52 (1985).

Additionally, it is apparent from review of the record as a whole that the entry of the guilty plea was in the best interest of the movant, and that counsel was diligent in all aspects of his representation. During the formal plea proceedings, the movant was apprised by the trial court that he was facing a possible maximum sentence of life incarceration, if he proceeded to trial and was found guilty in the instant case. In exchange for the guilty plea, the movant was sentenced to a total of 60 months in prison, less

13

than the life sentence he faced if convicted at trial. In fact, the sentence received by the movant was a downward variance from the advisory guidelines, which provided a sentencing range of 70-87 months imprisonment. As stated above, the movant indicated that he understood the terms of the plea, and desired to enter a plea of guilty. For these reasons, the movant's claim of ineffective assistance of counsel fails for lack of showing either deficiency on the part of counsel's representation or of actual prejudice from the alleged deficiency. Hill v. Lockhart, 474 U.S. 52 (1985).

To the extent the movant claims he is actually innocent, this claim is without merit. The movant's protestations of innocence in this motion to vacate are without substantiation in the record. A habeas petitioner attempting to establish "actual innocence" must meet a high standard. Bousley v. United States, 523 U.S. 614 (1998). The movant must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, supra at 623, quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). The Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11th Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8th Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2nd Cir. 2000);citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11th Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513

U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here; thus, the movant's claim is without merit.

In **claim two**, the movant asserts he was denied effective assistance of counsel when his attorney failed to file pre-trial motions challenging the government's use of insufficient evidence to support the indictment and its validity. (Cv-DE#1:5).

To the extent this claim is merely a reiteration of **claim one**, supra, it should be denied for the reasons expressed therein.

The movant waived all right to challenge the indictment when he entered into a voluntary guilty plea. United States v. Broce, supra; Barrientos v. United States, supra. As will be recalled, the waiver extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See Bradbury v. Wainwright, supra; United States v. Bohn, supra. By entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a pre-trial or trial proceeding any legal defenses that he may be entitled to as it relates to his case. He is therefore barred from pursuing this claim here.

Moreover, aside from this bare assertion, the movant nonetheless fails to demonstrate how he was prejudiced from counsel's failure to file any pre-trial motion regarding the validity of the Indictment or the sufficiency of the evidence used in support thereof, especially in light of the fact that the movant entered into a knowing and voluntary guilty plea, as addressed above, wherein he accepted the factual proffer as true and

acknowledged his understanding of the charges against him.

Likewise, the movant's claims that the Indictment was invalid because the publicly filed copy lacked the foreperson's signature and any record regarding the grand jurors votes, are without merit.

Although the Federal Rule of Criminal Procedure 6(c) states that indictments are to be signed by the foreperson of the grand jury, the United States Supreme Court has indicated that the requirement is merely a formality and that, without a reason to believe the defendant was prejudiced by the oversight, the absence thereof affords no basis for relief. Hobby v. United States, 468 U.S. 339, 345 (1984)("Even the foreperson's duty to sign the indictment is a formality for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."). Therefore, even if the Indictment under which the movant was charged did not have the foreperson's signature affixed thereto, as determined by the Supreme Court, this is merely a technical irregularity.

Moreover, grand jury proceedings are accorded a presumption of regularity, which may only be dispelled upon particularized proof of irregularities in the grand jury process. United States v. Mechanik, 475 U.S. 66, 75 (1986) citing United States v. Johnson, 319 U.S. 503, 512-13 (1943). Such a strong presumption cannot be outweighed by purely conclusory or speculative allegations of misconduct. United States v. Ferrara, 990 F.Supp. 146, 153 (E.D.N.Y. 1998).

In this collateral proceeding, the movant has provided no basis as to why counsel should have challenged the grand jury proceedings. Aside from the movant's self-serving allegation that

16

no concurrence form was simultaneously filed with the clerk, this claim is bare and conclusory as no facts or law in support of the substantive issue has been provided. As such, bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11th Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5th Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1979).

Moreover, even if a pretrial motion to dismiss the Indictment or any other motion/objection challenging the validity and/or the sufficiency of the Indictment had been filed or made by counsel, no showing has been made that it would have been successful.

Consequently, the movant cannot demonstrate prejudice stemming from counsel's alleged deficient performance in failing to pursue this nonmeritorious claim.

In **claim three**, the movant asserts he was denied effective assistance of counsel when his attorney advised him to sign the plea agreement when the indictment had failed to charge an offense, counsel failed to apprise the movant of the nature and elements of the offense and when counsel failed to object to the district court's failure to comply with the proper procedure for establishing a factual bases. (Cv-DE#1:7). In essence it appears the movant argues that his plea was involuntarily and unknowingly entered into.

As previously discussed, no showing has been made that the plea was anything but knowing and voluntary and thus, it waived all

17

non-jurisdictional defenses. The movant is therefore entitled to no relief on this claim. He denied being coerced, induced, or otherwise misadvised into changing his plea. The movant's post-conviction allegation that he relied upon counsel's misadvice was cured by the court's colloquy at the change of plea proceeding. Under these circumstances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom. See Strickland, supra.

To the extent the movant argues the Court incorrectly incorporated the stipulated factual proffer during the Rule 11 proceeding, this claim is without merit. Before accepting a defendant's guilty plea, the district court "must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir.1990). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show that his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir.1988).

In this case, the movant has not shown the court erred when it incorporated the stipulated factual proffer or that any error existed therein. During the plea colloquy, the movant acknowledged that he read the factual proffer in its entirety, he agreed the facts contained therein were true and correct and that he signed and dated the last page of the document indicating his agreement to the truthfulness of the facts. Thus, the movant's arguments concerning the proffer contradict his own sworn statements at the Rule 11 hearing.

18

Under these circumstances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom for failing to pursue this claim. See Strickland, supra.

## Evidentiary Hearing

The movant's request for an evidentiary hearing with respect to the foregoing claims should be denied. (Cv-DE#4:1) A hearing is not required on patently frivolous claims or those which are based upon unsupported, generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that the motion to vacate be denied and this case be closed.[5]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

[5] It should be noted that arguments not raised by the movant during this collateral proceeding before a magistrate judge cannot thereafter be raised for the first time in objections to a Report and Recommendation. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(qouting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

Dated this 18th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charles Fonseco, pro se
Reg. No. 77982-004
FCI - La Tuna
Inmate Mail/Parcels
P.O. Box 6000
Anthony, TX 88021

Anne Ruth Schltz, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Phone: 305-961-9117
Fax: 305-530-7941

Joanne Fine, AUSA
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Ft. Lauderdale, FL 33301-3002
Phone: 954-356-7255
Fax: 954-356-7336