UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61994-CIV-COHN/WHITE
(09-60057-CR-COHN)

CHARLES FONSECO

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 14] ("Report"), submitted by United States Magistrate Judge Patrick A. White, regarding Charles Fonseco's *pro se* Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to Vacate"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion to Vacate, the Report of Magistrate Judge, Mr. Fonseco's Objections to the Report [DE 15] ("Objections"), and is otherwise fully advised in the premises.

### I. BACKGROUND

On March 5, 2009, a grand jury returned an indictment charging Mr. Fonseco with attempt to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1) and attempt to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846. Report at 3. On May 13, 2009, Mr. Fonseco pleaded guilty to Count 1. Id.

In exchange for the guilty plea, the Government sought dismissal of Count 2 and agreed to recommend a sentence at the low end of the guidelines as long as certain conditions were met. Id. Mr. Fonseco and the Government agreed to recommend that the Court impose a sentence within the guideline range but without regard to any statutory minimum sentence, and to recommend that the Court find that the quantity of controlled substance was five kilograms. Id.

Prior to the sentencing, a probation officer prepared a Pre-Sentence Investigation Report placing Mr. Fonseco in a sentencing guideline with an imprisonment range of 70-87 months. Id. at 3-4. Ultimately, on September 29, 2009, the Court sentenced Mr. Fonseco to 60 months in prison, followed by 36 months of supervised release and a $100 special assessment. Report at 4.

On October 18, 2010, Mr. Fonseco filed his Motion to Vacate. On April 18, 2011, Judge White filed his Report. Reading the *pro se* filing liberally, Judge White construed the Motion to Vacate as raising the following claims:

1. Ineffective assistance of counsel based on counsel's failure to investigate circumstances that allegedly would have revealed that Mr. Fonseco did not commit the charged crime;

2. Ineffective assistance of counsel based on counsel's failure to file pre-trial motions challenging the sufficiency of the Government's evidence to support the indictment and its validity;

3. Ineffective assistance of counsel based on counsel's advice that Mr. Fonseco should enter into the plea agreement when the indictment had failed to charge an offense, counsel's failure to apprise Mr. Fonseco of the nature and elements of the offense, and counsel's failure to object to the Court's failure to comply with proper procedure for establishing the factual basis of the guilty plea.

Report at 2. Upon conducting a thorough analysis of each claim, Judge White

2

recommended that the Court deny Mr. Fonseco's Motion to Vacate on all three claims. Id. at 19. Mr. Fonseco then filed his Objections.[1] After consideration of the Objections and the Report, as well as a *de novo* review of the record, the Court agrees with Judge White's reasoning and analysis and therefore denies the Motion to Vacate.

## II. DISCUSSION

Mr. Fonseco raises three Objections to Judge White's Report: first, he objects to the "Factual History" section of the Report; second, he objects to the finding that his plea constituted a waiver of his ineffective assistance of counsel claims; and third, he objects to the finding that the Court complied with proper procedures for establishing the factual basis of his guilty plea. Additionally, Mr. Fonseco renews his request for an evidentiary hearing. The Court discusses each objection in turn.

### A. First Objection

First, Mr. Fonseco objects to Judge White's "Factual History" section. Specifically, Mr. Fonseco argues that the statement that he had an "operation of off-loading controlled substances arriving into Port Everglades" is unsubstantiated and irrelevant to the current proceedings. See Obj. at 1.

Contrary to Mr. Fonseco's objection, a review of the record supports Judge White's "Factual History" section. The Stipulated Factual Proffer for Change of Plea

---

[1] Judge White's Report provides, "Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report." Report at 19. On May 11, 2011, the Court received a Notice stating that Mr. Fonseco received the Report on April 27, 2011 [DE 16]. Though Mr. Fonseco dated his Objections April 4, 2011, see Obj. at 9, he could not have written the document before receiving the Report. Regardless, because the Court received Mr. Fonseco's Objections on May 5, 2011, see Obj., the Court finds that the Objections were timely filed.

[DE 8-1] ("Factual Proffer") describes in detail the factual circumstances supporting the plea, see generally Factual Proffer, including Mr. Fonseco's role "in off-loading controlled substances arriving into Port Everglades for further distribution in the United States," id. at 2. When Mr. Fonseco signed his name on the last page of the Factual Proffer, he represented that he "ha[d] read and understood the factual proffer and reviewed the same with his attorney prior to knowingly and willfully signing the same." Id. at 8. Additionally, at his Change of Plea Hearing, Mr. Fonseco agreed that the facts contained in the Factual Proffer were "true and correct" and that his signature on the document indicated his "agreement as to the truthfulness of the facts." Change of Plea Hearing Transcript [DE 8-2] at 11. Therefore, the record fully substantiates Judge White's statements regarding Mr. Fonseco's "operation of off-loading controlled substances arriving into Port Everglades." Consequently, Mr. Fonseco's first objection must fail.

## B. Second Objection

Second, Mr. Fonseco objects to the Report's findings that his plea constituted a waiver of Claims 1 and 2. Specifically, he states, "Petitioner objects to the Magistrate's use of petitioner's plea to the charged offense as a procedural bar and waiver of his ineffective assistance of counsel claims, specifically, counsel's failure to investigate and file pretrial motions before advising him to plead guilty to the charged offense." Obj. at 2.[2]

---

[2] Though Mr. Fonseco does not appear to object to the finding that his guilty plea waived Claim 3 as well, the instant discussion also applies to Claim 3. Like Claims 1 and 2, Claim 3 is an argument based on ineffective assistance of counsel. Therefore, for the same reasons that the guilty plea waived Claims 1 and 2, it also waived Claim 3.

4

A knowing and voluntary plea constitutes a waiver of all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971) ("a valid plea of guilty constitutes a waiver of all non-jurisdictional defects and defenses") (citations omitted); see also United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (waiver "includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"); Hayes v. Smith, 447 F.2d 488, 489 (5th Cir. 1971) (holding defendant waived non-jurisdictional defects and defenses by entering a guilty plea "made voluntarily and after he was advised of the nature of the charges against him and the possible consequences of the plea."). "[O]nly an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 966, 997 (11th Cir. 1992). Therefore, unless Mr. Fonseco demonstrates that his plea was somehow not knowing and voluntary, his guilty plea waived his ineffective assistance of counsel claims.

Judge White conducted an extensive analysis in support of his conclusion that a "review of the record confirms that the movant's plea was knowing and voluntary." Report at 6. The Court agrees. To ensure that a plea is knowing and voluntary, Federal Rule of Criminal Procedure 11 instructs, "the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). "During this address, the court must inform the defendant of, and determine that the defendant understands," among other things, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). As the Report discusses, at the change of plea proceeding, "the court conducted a thorough Rule 11 proceeding." Report at 7 (citing Change of Plea

Hearing Transcript). The Report discusses in detail the applicable parts of the proceeding, which demonstrate that Mr. Fonseco's plea was knowing and voluntary. See Report at 7-8. Therefore, by entering his guilty plea, Mr. Fonseco waived all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel. See, e.g., Glinsey, 209 F.3d at 392; Smith, 447 F.2d at 488.

In this objection, Mr. Fonseco also contends that the Court should hold an evidentiary hearing[3] and reject the Report because he "raised ineffective assistance claims which the government and now the Magistrate fails to dispute." Id. at 3. Even if Mr. Fonseco had not waived this claim, his suggestion that the Government does not contest his ineffective assistance of counsel claims is meritless. In fact, the Government filed a Response to the Motion to Vacate [DE 8] contesting Mr. Fonseco's claims. Additionally, Judge White's Report found the claims should be denied for failure to demonstrate both that Mr. Fonseco's counsel's performance was deficient and that he suffered any prejudice as a result. See Report at 12-17 (evaluating Strickland v. Washington, 466 U.S. 688 (1984) (holding that a successful ineffective assistance of counsel claim requires that the movant show both (1) that his counsel's efforts fell below constitutional standards and (2) that as a result, the movant suffered prejudice). The Court agrees. Therefore, Mr. Fonseco's second objection must fail.

---

[3] The Court addresses Mr. Fonseco's request for a hearing in sub-section D.

### C. Third Objection

Third, Mr. Fonseco objects to Judge White's recommendation to deny Claim 3. Specifically, Mr. Fonseco objects to the part of the Report addressing the factual basis of the guilty plea. Mr. Fonseco states, "the district court's record is absent any facts, evidence, inquiry or proof that the colloquy included whether petitioner understood the nature of the charge to which he was pleading, let alone any facts which describe the crime that he supposedly committed." Obj. at 3. He contends that "[s]ince the record does not demonstrate literal compliance with Rule 11, a hearing must be held in which the government bears the burden of proving that the guilty plea was in fact entered voluntarily and understandingly."[4] Id. at 3-4.

As an initial matter, per the above discussion, Mr. Fonseco's knowing and voluntary guilty plea waived this claim. See supra. Though "an attack on the voluntary and knowing nature of the plea can be sustained" despite a guilty plea, Wilson, 962 F.2d at 997, the Court has already found that Mr. Fonseco's claim was knowing and voluntary. See supra.

Even if Mr. Fonseco had not waived Claim 3, contrary to his objection, the record demonstrates that the Court complied with Rule 11, and that Mr. Fonseco understood the nature of the charge to which he was pleading and the facts surrounding his actions. See supra; see also Report at 7-8, 18. Further, Mr. Fonseco has not shown that counsel was deficient or that he suffered any prejudice as a result of counsel's allegedly deficient performance. Accordingly, Mr. Fonseco's third objection fails.

---

[4] The Court addresses Mr. Fonseco's request for a hearing in sub-section D.

### D. Request for a Hearing

Finally, Mr. Fonseco requests an evidentiary hearing on his Motion to Vacate. Though § 2255 instructs a court to grant a hearing on a Motion to Vacate to determine the issues and make findings of fact and conclusions of law, the statute does not require the court to hold a hearing if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Consequently, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)). In his Objections, Mr. Fonseco contends, "this Court must conduct an evidentiary hearing, especially where its record during the plea hearing was unfair and incomplete where there was no factual basis finding made by this Court before accepting petitioner's plea to the charged crime." Obj. at 8. Yet, in accordance with the above discussion and with Judge White's Report, the Court does not find that the hearing was unfair or incomplete. Mr. Fonseco has not demonstrated that the Court failed to find a factual basis for his guilty plea before accepting the plea. Rather, the Court agrees with Judge White that Mr. Fonseco's claims "are unsupported by the record or without merit." See Report at 19. Accordingly, the Court will deny the request for an evidentiary hearing. See Holmes, 876 F.2d at 1553; see also 28 U.S.C. § 2255.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 14] is **ADOPTED**;

2. Mr. Fonseco's Objections to the Report [DE 15] are **OVERRULED**;

3. Mr. Fonseco's *pro se* Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED with prejudice**;

4. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of June, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular mail

Charles Fonseco, *pro se*
Reg. No. 77982-004
FCI - La Tuna
Inmate Mail/Parcels
P.O. Box 6000
Anthony, TX 88021

9