UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61994-CIV-COHN/WHITE
(09-60057-CR-COHN)

CHARLES FONSECO

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

### ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY

**THIS CAUSE** is before the Court upon Movant Charles Fonseco's Request for Certificate of Appealability Pursuant to 28 U.S.C. § 2253 [DE 21] ("Request for Certificate of Appealability"). The Court has carefully considered the filing and is otherwise advised in the premises.

On June 16, 2011, this Court issued an Order [DE 17] overruling Mr. Fonseco's Objections [DE 15], adopting Magistrate Judge White's Report and Recommendation [DE 14], and denying with prejudice Mr. Fonseco's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1]. On July 21, 2011, Mr. Fonseco filed his Request for Certificate of Appealability. See DE 21. A district court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In support of his Request for Certificate of Appealability, Mr. Fonseco asserts that he "was deprived of a fair plea hearing in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution," DE 21 at 1, because "before

entering judgment on Petitioner's guilty plea, the district court did not determine that there was as factual basis for the plea," id. at 3.  Mr. Fonseco argues that "a variance existed between the indictment and the proof whereas the indictment charged attempt to possess with intent to distribute cocaine, and the stipulated factual proffer shows an arrangement to assist in smuggling cocaine from a vessel."  Id. at 5.  He therefore requests an opportunity for a new plea hearing.

This argument relates to Claim 3 in the Motion to Vacate, wherein Mr. Fonseco argued that he was denied effective assistance of counsel because his attorney advised him to sign the plea agreement when the indictment failed to charge an offense, counsel failed to apprise Mr. Fonseco of the nature and elements of the offense, and counsel failed to object to the Court's failure to comply with Rule 11.  DE 1 at 7; see also DE 17 at 2.  Judge White found, and this Court agreed, that Mr. Fonseco's knowing and voluntary plea waived this claim and that regardless, the record demonstrated compliance with Rule 11.[1]  Therefore, to the extent that the Request for Certificate of Appealability reargues the same claim, the request will be denied for failure to make a substantial showing of the denial of a constitutional right under § 2253(c)(2).

To the extent that the Certificate of Appealability raises a new argument not based on ineffective assistance of counsel, but rather based solely on the difference Mr. Fonseco sees between the factual proffer and the facts required for a conviction of attempt to possess with intent to distribute cocaine, the request must also be denied.  A

---

[1] The Court notes that in his Request for Certificate of Appealability, Mr. Fonseco does not object to the Court's finding that his plea was knowing and voluntary.

movant cannot base a request for certificate of appealability on an issue not properly raised in his motion to vacate.  See Riley v. United States, 304 Fed. App'x 811, 813-14 (11th Cir. 2008) (rejecting certificate of appealability based on argument raised for the first time in government's response to 2255 motion because argument was not raised in 2255 motion or in amendment to that motion); see also United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) (refusing to consider issues raised for the first time in a reply brief).

Therefore, the Request for Certificate of Appealability will be denied.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Mr. Fonseco may request issuance of a certificate of appealability from the Eleventh Circuit. Fed. R. App. P. 22(b)(1).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Movant Charles Fonseco's Request for Certificate of Appealability Pursuant to 28 U.S.C. § 2253 [DE 21] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of July, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular mail

Charles Fonseco, *pro se*
Reg. No. 77982-004
FCI - La Tuna
Inmate Mail/Parcels
P.O. Box 6000
Anthony, TX 88021