UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61994-CIV-COHN/WHITE
(09-60057-CR-COHN)

CHARLES FONSECO

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
### AND ORDER PURSUANT TO RULE 60(b)(1)

**THIS CAUSE** is before the Court upon Charles Fonseco's Motion for Relief from Judgment and Order Pursuant to Rule 60(b)(1) [DE 20].  The Court has considered the motion and the record in this case, and is otherwise fully advised in the premises.

Mr. Fonseco "request[s] this Court grant relief from its order and judgment of May 10, 2011."  Mot. at 1.  He identifies the May 10, 2011 order as Docket Entry 16, id. at 2 ("On May 10, 2011, the district court issued its order denying plaintiff's § 2255 motion").  The Court did not issue any orders or judgments in this case on May 10, 2011.  Docket Entry 16 is a Notice filed by Mr. Fonseco to advise the Court that he received Magistrate Judge Patrick A. White's Report and Recommendation [DE 14] ("Report") on April 27, 2011.  See Notice [DE 16].  In the Order Adopting Report and Recommendation [DE 17] ("June 16th Order"), the Court acknowledged receipt of Mr. Fonseco's Notice and noted that his Objections were timely filed.  See June 16th Order at 3 n.1.  To the extent that the instant Motion raises additional objections to Judge White's Report, these objections are untimely.  However, to the extent that Mr. Fonseco's Motion seeks relief pertaining to the June 16th Order rather than a May 10th

Order, the Court goes on to address Mr. Fonseco's arguments.

Mr. Fonseco contends that the Government and the Court improperly merged two of his claims together, and that as a result, his first claim remains pending. He therefore requests that the Court "grant relief from its previous judgment and order of May 10, 2011 by dismissing it, and ordering the government answer the allegation raised within Ground One, and thereafter to issue a new order which includes the disposition of that claim nunc pro tunc." Mot. at 5.

In Ground One of his Motion to Vacate, Mr. Fonseco raised a claim for "denial of effective assistance of counsel," Mot. to Vacate at 4, alleging, "Counsel provided ineffective assistance when he failed to investigate the surrounding circumstances of petitioner's case which reveal that petitioner did not commit the drug crimes charged within the indictment and as a result of counsel's error petitioner was exposed to federal prosecution for those offenses," id.  In Ground Two, Mr. Fonseco raised a claim for "denial of effective assistance of counsel during pre-trial proceedings," id. at 5, alleging, "Because of counsel's failure to investigate he did not discover that petitioner did not commit the charged offense and therefore failed to file pre-trial motions challenging the government's use of insufficient evidence to support indictment and its validity," id.  The Government responded to both claims together because both claims challenged Mr. Fonseco's counsel's effectiveness based on failure to conduct a proper investigation. Government's Response [DE 8] at 3 n.2. The Government also noted that Mr. Fonseco "listed these allegations as separate grounds for relief as indicated . . . [, but he] did not . . . separate his claims in his supporting memorandum of law." Id.  The Government did not neglect to address Ground One; it merely responded to both claims together.

Judge White's Report also addressed both claims. See Report at 2 (listing both

2

claims), 12-15 (analyzing Ground One), 15-17 (analyzing Ground Two). Finally, the June 16th Order, which adopted Judge White's Report, also addressed both Grounds One and Two. See June 16th Order at 2 (listing both claims), 4 (addressing Mr. Fonseco's objections with respect to Grounds One and Two). The fact that Grounds One and Two were dismissed for the same reason—that Mr. Fonseco waived his claims for ineffective assistance of counsel—does not mean that either claim remains pending. Both claims were properly dismissed.

Under Federal Rule of Civil Procedure 60(b)(1), "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In accordance with the above-discussion, Mr. Fonseco has not demonstrated any mistake, inadvertence, surprise, or excusable neglect here. Therefore, the Court will deny the request for relief under Rule 60(b)(1). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Mr. Fonseco's Motion for Relief from Judgment and Order Pursuant to Rule 60(b)(1) [DE 20] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of October, 2011.

*James J. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular mail

Charles Fonseco, *pro se*
Reg. No. 77982-004
FCI - La Tuna
Inmate Mail/Parcels
P.O. Box 6000
Anthony, TX 88021